**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No._____ |
| v. | Jury Trial Demanded |
| ARIZONA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

**COMPLAINT**

Plaintiff, the United States of America, alleges:

1.      This action is brought on behalf of the United States to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

3.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C § 1391(b).  Defendant Arizona Department of Corrections ("ADC") is an agency of the State of Arizona, which maintains places of business in this judicial district, and a substantial part of the events giving rise to this action took place in this judicial district.

4.       ADC is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5.      Susan Peterson, who lives within this judicial district in Tucson, Arizona, filed a timely charge of discrimination based on sex on or about March 4, 2009 (Charge Number 540-

2009-01347) against ADC with the Equal Employment Opportunity Commission ("EEOC").

Pursuant to Section 706 of Title VII, the EEOC investigated the charge of discrimination filed by

Ms. Peterson, found reasonable cause to believe that ADC violated Title VII with respect to Ms.

Peterson, and unsuccessfully attempted to conciliate the charge.  The EEOC subsequently

referred the charge to the Department of Justice.

  6. All conditions precedent to the filing of suit have been performed or have

occurred.

**CLAIM FOR RELIEF**

  7. Ms. Peterson worked for ADC as a Correctional Officer II ("COII") in the Minors

Unit of the Arizona State Prison Complex in Tucson ("ASPC-Tucson") from December 2004

until November 2008.   As a COII, Ms. Peterson was responsible for supervising inmates in the

prison.

  8. During the period from early 2005 through November 2008, several of Ms.

Peterson's male supervisors and co-workers regularly subjected her to verbal and physical sex

harassment in the workplace that included, but was not limited to, grabbing, touching, hugging,

kissing, sexually explicit comments, and exposure to pornography.  This harassment adversely

affected the terms and conditions of Ms. Peterson's employment.

  9. Ms. Peterson made it known that she did not welcome the workplace harassment

at ASPC-Tucson and that she found it offensive.  Ms. Peterson complained numerous times to

ADC management about her supervisors' and co-workers' sexual harassment.  ADC did not

investigate her complaints or take any action to stop the harassment.

  10. In November 2008, Ms. Peterson submitted complaints about sexual harassment

directly to the Warden of ASPC-Tucson.  ADC investigated these complaints.

2

11.    At the conclusion of its investigation, ADC did not discipline anyone for sexually harassing Ms. Peterson.

12.    The sexual harassment of Ms. Peterson in the workplace ended only when Ms. Peterson went on extended medical leave in November 2008.

13.    As a direct and proximate cause of the hostile work environment that ADC subjected her to, Ms. Peterson has suffered damages including, but not limited to, emotional distress and loss of enjoyment of life.

14.    ADC has subjected Ms. Peterson to discrimination on the basis of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

(a)    creating and/or maintaining a hostile work environment that adversely affected the terms, conditions, and privileges of Ms. Peterson's employment, and

(b)    failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment.

**PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court grant the following relief:

(a)    enjoin ADC from subjecting employees and applicants for employment to sexual harassment in its workplaces;

(b)    order ADC to institute and carry out new policies, practices, and programs to prevent sexual harassment from occurring in the workplace;

(c)    order ADC to institute and carry out policies, practices, and programs to report, investigate, and effectively address complaints about sexually harassing behavior in the workplace;

(d)     order ADC and its managers and supervisory employees to refrain from

engaging in retaliation against any individual for giving testimony in this

matter or participating in this matter in any way;

(e)     order Defendant to compensate Ms. Peterson for the damages she has

suffered including, but not limited to, emotional distress and loss of

enjoyment of life;

(f)     order any further relief necessary to make Ms. Peterson whole; and

(g)     award such additional relief as justice may require, together with the

United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule

38 of the Federal Rules of Civil Procedure and § 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.

Date:  February 23, 2012

                        Respectfully Submitted,

                        THOMAS E. PEREZ
                        Assistant Attorney General
                        Civil Rights Division

                        By:

                        /s/ Delora L. Kennebrew
                        DELORA L. KENNEBREW (GA Bar No. 414320)
                        Chief
                        Employment Litigation Section

                        /s/ Karen D. Woodard
                        KAREN D. WOODARD (MD Bar - No Number Issued)
                        Deputy Chief
                        Karen.Woodard@usdoj.gov

/s/ Allan Townsend
/s/ Louis Whitsett
ALLAN K. TOWNSEND (ME Bar No. 9347)
Allan.Townsend@usdoj.gov
LOUIS WHITSETT (DC Bar No. 257626)
Louis.Whitsett@usdoj.gov
Senior Trial Attorneys
Employment Litigation Section
Civil Rights Division
United States Department of Justice
950 Constitution Avenue, NW
Patrick Henry Building, Room 4037
Washington, DC  20530
Telephone: (202) 305-3302
Facsimile:  (202) 514-1005

Attorneys for Plaintiff United States